**JUN QING ZHANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–3976–ag.

United States Court of Appeals, Second Circuit.

May 22, 2008.

See also 193 Fed.Appx. 53.

Robert J. Adinolfi, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Allen W. Hausman, Senior Litigation Counsel, Paul Fiorino, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB and Hon. RICHARD C. WESLEY, Circuit Judges.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

### SUMMARY ORDER

Petitioner Jun Qing Zhang, a native and citizen of the People's Republic of China, seeks review of the September 7, 2007 order of the BIA denying his motion to reopen. *In re Jun Qing Zhang,* No. A71 799 994 (B.I.A. Sept. 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

■ The BIA did not abuse its discretion in denying Zhang's motion to reopen as time and numerically barred. The final agency order was issued in November 1998, but Zhang did not file his motion until April 2007. *See* 8 C.F.R. § 1003.2(c)(2). And, while only one motion to reopen is allowed under the regulations, the instant motion was Zhang's third. *See id.*

■ We find no abuse of discretion in the BIA's finding that Zhang failed to demonstrate that conditions in China have changed such that the time and numerical limitations did not apply to his motion. *See* 8 C.F.R. § 1003.2(c)(3)(ii). In contrast to the circumstances presented in *Shou Yung Guo v. Gonzales,* where the BIA ignored certain evidence, 463 F.3d 109, 115 (2d Cir.2006), the BIA explicitly considered the documents Zhang submitted in support of his argument that conditions in China had changed, *i.e.,* two articles from a Chinese-language newspaper. Zhang's brief does not contest the BIA's evaluation of these two articles. Accordingly, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

■ Zhang's only argument is that the BIA erred in failing to consider the documents examined by this Court in *Shou Yung Guo.* However, he did not provide those documents along with his motion to reopen, nor did he offer an explanation as to why he could not have obtained the documents before filing his motion.

Zhang fails to explain in the first instance how the BIA would have had the authority to take administrative notice of the *Guo* documents when they do not contain "commonly known facts." *See* 8 C.F.R. § 1003.1(d)(3)(iv); *see also Chhetry v. U.S. Dep't of Justice,* 490 F.3d 196, 200 (2d Cir.2007). In light of the foregoing, we find no basis for Zhang's argument that the BIA abused its discretion by failing to consider the *Guo* documents.[2] *See Kaur,* 413 F.3d at 233–34.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for

**2.** We reject Zhang's requests that we "stay the mandate" in his case while he files yet another motion to reopen with the BIA.

a stay of removal in this petition is DISMISSED as moot.